IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RONDALE MASON**, | Case No. 3:17-cv-1889-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **FEDERAL NATIONAL MORTGAGE ASSOCIATION**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Plaintiff Rondale Mason brings this *pro se* action for quiet title against Defendant Fannie Mae. Plaintiff seeks a judgment that he is the owner in fee simple of two pieces of real property located at 2811 SE Rosefinch Dr. Gresham, Oregon 97080, and 6014 SW View Point Terrace, Portland, Oregon 97239. Defendant moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiff has not alleged that he has a legal or equitable interest in either property.

**STANDARDS**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual

allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

**DISCUSSION**

Oregon's quiet title statute provides that "[a]ny person claiming an interest or estate in real property not in the actual possession of another may maintain a suit in equity against another who claims an adverse interest or estate therein for the purpose of determining such conflicting or adverse claims, interests or estates." Or. Rev. Stat § 105.605. Thus, in order to bring an action

PAGE 2 – ORDER

for quiet title, a plaintiff must allege both that he has a legal or equitable interest in the real property at issue, and that it is adverse to the interest asserted by the party against whom quiet title is sought.

In this case, Plaintiff has not alleged that he has a legal or equitable interest in the real property at issue. Plaintiff alleges that on October 3, 2017 he sent a promissory note in the amount of $250,000 to Defendant's agent along with a security agreement making the following offer:

> If I, Rondale Mason, do not receive your response within the next 30 calendar days from receipt of this notice and property is still vacant and/or abandoned, then by your non-response and acceptance of the enclosed Promissory Note, you acknowledge the agreement and sale of the above addressed property to Rondale Mason via the enclosed Promissory Note. I will then move forward in my efforts to take possession of property located at 2811 SE Rosefinch Dr. Gresham, OR, 97080, and a lien will be placed on the property for the enclosed amount, and held in possession of RONDALE LA'SHAWN MASON.

ECF 2 at 2. Plaintiff alleges that Defendant's nonresponse to the promissory note and security agreement created a binding contract. On October 10, 2017, Plaintiff sent another promissory note in the amount of $250,000 to Defendant's agent, along with a security agreement making an identical offer with regard to the 6014 SW View Point Terrace property. Plaintiff alleges that Defendant's nonresponse to the second offer created a second binding contract.

As a matter of law, Plaintiff's unsolicited offers to Defendant, and Defendant's nonresponse to those offers, do not create binding contracts. "The mere receipt of an unsolicited offer does not impair the offeree's freedom of action or inaction or impose on him any duty to speak." Restatement (Second) of Contracts § 69 cmt. a. (1981); *see also UMG Recordings, Inc. v. Augusto*, 628 F.3d 1175, 1182 n. 6 (9th Cir. 2011) (citing the Restatement (Second) of Contracts and observing that there is generally no contract where an offeror makes an unsolicited

offer to an offeree and claims that the offeree's silence will be taken as acceptance). Because Plaintiff has not alleged facts from which a binding contract can reasonably be inferred, Plaintiff has not alleged that he has a legal interest in the property to which he seeks quiet title.

Plaintiff makes no allegation that he has a legal interest in the property from a source other than the alleged contract. Plaintiff also makes no allegations that he has an interest in the properties under any equitable doctrine such as, for example, the doctrine of adverse possession. Indeed, Plaintiff's complaint indicates that he is not currently in possession of either property. Moreover, Plaintiff does not allege what interest Defendant has in the real property at issue, though in his exhibits he identifies Defendant as the owner of record of the two properties.

Defendant's Motion to Dismiss (ECF 13) is GRANTED. Plaintiff's Complaint (ECF 2) is dismissed. If Plaintiff believes he can cure the identified deficiencies, he may file an amended complaint within 14 days of the date of this Order.

**IT IS SO ORDERED.**

DATED this 28th day of March, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge